# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

TERRANCE ROBINSON,                    )
                                      )
            Petitioner,               )
                                      )
    vs.                               )    Case No.   14-1127-CV-W-DW-P
                                      )
RONDA PASH,                           )
                                      )
            Respondent.               )

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Terrance Robinson, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 12, 2014, seeking to challenge his 2008 convictions and sentences for first degree murder (4 counts) and armed criminal action (4 counts), which were entered in the Circuit Court of Jackson County, Missouri.

Petitioner raises two grounds for relief: (1) that the superseding indictment which was filed on March 24, 2008, was not properly filed or served upon him according to Missouri law; and (2) that post-conviction relief counsel was ineffective for abandoning petitioner's meritorious claims. Respondent contends that Ground 1 is procedurally defaulted, and that Ground 2 is not cognizable on federal habeas review pursuant to 28 U.S.C. § 2254(i).

## GROUND 1

In Ground 1, petitioner contends that the superseding indictment which was filed on March 24, 2008, was not properly filed or served upon him according to Missouri law.   (Petition at p. 5). Respondent contends that this ground for relief, which was included in petitioner's pro se supplemental Rule 29.15 post-conviction relief motion, after his appointed counsel was allowed to withdraw from the case at petitioner's request, is procedurally defaulted.

As a preliminary matter, the Court does not believe Ground 1 is even cognizable on federal habeas review. "The fifth amendment right to be indicted by a grand jury has not been applied to the states through the fourteenth amendment due process clause, and the "[s]ufficiency of an indictment or information is primarily a question of state law . . . ." Franklin v. White, 803 F.2d 416, 418 (8th Cir. 1986), citing Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 2 (8th Cir. 1979). "In addition, alleged errors in the grand jury proceedings and in the form of the indictment normally cannot be raised in a habeas corpus petition, and such relief should be granted only in exceptional circumstances." Durham v. Wyrick, 665 F.2d 185, 187 (8th Cir. 1981), citing Little v. United States, 524 F.2d 335, 336 (8th Cir. 1975), *cert. denied* 424 U.S. 920 (1976). Nevertheless, even if Ground 1 is cognizable, the Court is barred from reviewing it here because, as respondent states, it is procedurally defaulted.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim." Barrett v. Acevedo, 169 F.3d 1155 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan at 1381. That is the case here.

The state courts, to which petitioner should have first presented Ground 1, have found it to be procedurally barred, because petitioner did not raise this claim prior to the deadline for raising

claims in his state post-conviction relief proceedings. The Missouri Court of Appeals refused to review it due to the fact petitioner's <u>pro se</u> supplemental Rule 29.15 motion was filed more than 100 days beyond the permissible deadline for raising claims under that rule. In fact, the state appellate court held that the Rule 29.15 motion court should not have even ruled on the merits of this ground for relief as set forth in the untimely supplemental motion, and remanded it back to the motion court with instructions to dismiss the supplemental motion containing Ground 1. (Respondent's Response, Doc. No. 17, Exh. 9).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

In his reply, it appears that petitioner may be attempting to demonstrate cause for his procedural default under <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1312 (2012), by stating that his post-conviction counsel was ineffective because she refused to raise Ground 1 in petitioner's Rule 29.15 motion for post-conviction relief. However, "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance...." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id</u>.

Under the <u>Strickland</u> standard, petitioner fails to establish that post-conviction relief counsel's choice to not raise meritless claims in the Rule 29.15 motion was substandard or to establish that this claim did in fact have merit and he was prejudiced as a result of his counsel's

substandard decision. Additionally, petitioner fails to establish that post-conviction appeal counsel's failure to present the underlying claim in petitioner's appeal from the denial of post-conviction relief rises to the level of ineffective assistance of counsel or that the underlying claim has merit.[1] Consequently, petitioner fails to establish cause for his procedural default of Ground 1.

Furthermore, petitioner has failed to show that a fundamental miscarriage of justice will result if his defaulted claim is not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). Consequently, Ground 1 is procedurally barred from federal habeas review.

Ground 1 will be denied.

## GROUND 2

In Ground 2, petitioner alleges that post-conviction relief counsel was ineffective for abandoning petitioner's meritorious claims. However, as respondent points out (Response at p. 7), and as petitioner apparently acknowledges (Reply at p. 13), pursuant to 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction relief proceedings shall not be a ground for relief in a proceeding arising under section 2254." Consequently, Ground 2 is not cognizable on federal habeas review.

Ground 2 will be denied.

---

[1] At petitioner's request, the Missouri Court of Appeals allowed post-conviction appeal counsel to withdraw and struck the brief filed by counsel. Petitioner then proceed pro se on post-conviction appeal, and submitted his own brief for consideration.

# CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) a certificate of appealability is denied.


 /s/ Dean Whipple_____
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  June 24, 2015.